# Ballard Spahr
### LLP

210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

Roberto A. Rivera-Soto
Direct: 856.761.3416
riverasotor@ballardspahr.com

*VIA CM/ECF AND VIA EMAIL*

July 1, 2015

The Honorable Michael B. Kaplan
United States Bankruptcy Judge
United States Bankruptcy Court
402 East State Street
Trenton, New Jersey 08608

Re:   *IN RE GORDON ALLEN WASHINGTON*
      Case No. 14-14573

      *GORDON ALLEN WASHINGTON V. SPECIALIZED LOAN SERVICING, LLC, ET AL.*
      Adversary No. 14-01319/U.S.D.C. No. 14-cv-08063-SDW

Dear Judge Kaplan:

This firm represents Specialized Loan Servicing, LLC ("SLS") and The Bank of New York Mellon, as trustee for the certificate holders of the CWABS, Inc., asset-backed certificates, series 2007-5 (collectively, "Creditors/Defendants") in respect of both the above-captioned bankruptcy case and the adversary proceeding/U.S. District Court appeal.  Kindly accept this letter brief in lieu of a more formal brief in respect of certain threshold questions raised by a recent pro se motion filed by Debtor Gordon A. Washington.

## BACKGROUND.

Debtor recently submitted a pro se application in the bankruptcy case titled "Motion to Expunge Claim" (the "motion"); the motion has been docketed by the Clerk of the Bankruptcy Court (Dkt. No. 47) and it is set for hearing on July 28, 2015.  In addition, in a rather clumsy, blunt but ineffective attempt to make his point, Debtor also served a "safe harbor letter" advising that a motion for sanctions on the same grounds as the motion itself would be filed within 21 days if Creditors/Defendants' proof of claim was not withdrawn and their adversary proceeding appeal dismissed; a true and correct copy of Debtor's "safe harbor" letter is attached hereto as **Exhibit "A"** and is made a part hereof by reference.

A PA Limited Liability Partnership | John B. Kearney, Managing Partner

Atlanta | Baltimore | Bethesda | Denver | Las Vegas | Los Angeles | New Jersey | New York
Philadelphia | Phoenix | Salt Lake City | San Diego | Washington, DC | Wilmington
www.ballardspahr.com

The Honorable Michael B. Kaplan
July 1, 2015
Page 2

For the three threshold reasons that follow, Creditors/Defendants respectfully request that
Debtor's motion be summarily denied and/or stricken -- and the hearing cancelled -- without
further action or filings by any party.

**ARGUMENT.**

1.      **This issue has been stayed.**  On April 6, 2015, the Court stayed the adversary
proceeding pending appeal.  Adv. Dkt. No. 61 (the "stay order").  Although Debtor filed his pro
se motion in the bankruptcy case -- and not in the adversary proceeding or appeal therefrom -- it
nevertheless directly impacts and collaterally attacks the adversary proceeding in violation of the
stay order.  Hence, even if filed only in the bankruptcy case, Debtor's motion is proscribed by
the stay order.

2.      **The motion is moot.**  Oddly, Debtor's motion seeks relief that already has been granted -
- disallowance of a secured claim -- and which is on appeal.  Debtor's back-door attempt to
trump the appeal presently before the U.S. District Court is unavailing.  Debtor acknowledges
that reality: that is why he demands that the appeal also be dismissed lest Debtor file his motion
for sanctions.  Because the motion and the threatened motion for sanctions seek relief already the
subject of the adversary proceeding and appeal, there is no justifiable basis for either application.
The only rational explanation for either is as a collateral attack on the pending appeal; that
plainly is improper.

3.      **Debtor's pro se motion must be ignored.**  Finally, although he is represented by
counsel in both the bankruptcy case and the adversary proceeding -- indeed, at the appeal before
Judge Wigenton, two different lawyers from two different law firms entered their appearance on
Debtor's behalf, see Minutes of Proceedings dated June 18, 2015 (Dkt. No. 23) -- Debtor filed
his motion pro se.  However, none of Debtor's several counsel has withdrawn his/her
appearance.  For that reason alone, the motion need not and should not be considered by the
Court.  See, e.g., United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993) (holding that "[i]ssues
that counseled parties attempt to raise pro se need not be considered").

**CONCLUSION.**

In order to avoid incurring any additional, unnecessary costs and expense, Creditors/Defendants
bring these threshold issues to the Court's attention by letter brief.  For the reasons explored
above, we request that the Court issue such relief as is needed to enforce the provisions of
chapter 11, to implement the Court's own orders, or to prevent an abuse of process, including,
but not limited to (i) enforcing of the stay order pursuant to 11 U.S.C. § 105, (ii) summarily
denying or striking the motion, (iii) cancelling the July 28 hearing without the need for any
further responses or appearances, and (iv) issuing such other and further relief as the Court
deems just and proper.

Defendants-Creditors explicitly reserve their rights to request sanctions under Bankruptcy Rule
9011 in respect of Debtor's pro se motion and/or "safe harbor" letter.

The Honorable Michael B. Kaplan
July 1, 2015
Page 3


Respectfully yours,

**BALLARD SPAHR LLP**

By: _____

Roberto A. Rivera-Soto

encl.

cc(w/encl.):    The Honorable Susan D. Wigenton, U.S.D.J. (*VIA UPS OVERNIGHT SERVICE*)
All counsel of record (*VIA CM/ECF*)
Gordon A. Washington (*VIA U.S. MAIL*)

# EXHIBIT "A"

Gordon A. Washington
11 Walnut Street
Madison, New Jersey 07940

June 23, 2015

To:

Roberto Rivera-Soto, Esq.
Daniel JT McKenna, Esq.
Jon T. Pearson, Esq.
Ballard Spahr, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103

David Vincent Mignardi, Esq.
Eckert, Seamans, Cherin & Mellot, LLC
10 Bank Street – Suite 700
White Plains, NY 10606

Kenneth Flickinger, Esq.
Knuckles, Komosinski & Elliott, LLP
565 Taxter Road – Suite 590
Elmfords, NY 10523

Melissa Licker, Esq.
Buckley Madole PC
P.O. Box 9013
Addison, Texas 75001

Re:   In re:  Gordon A. Washington, Case No. 14-14573
      Gordon A. Washington v. SLS Servicing, LLC, et al.
      Adversary No.: 14- 01319

Dear Sirs/Madams:

Attached are a proposed Notice of Motion, Declaration of Debtor in Support of Motion to Impose Sanctions and form of order.

These proposed pleadings are being sent to you in accordance with the 21-day "safe harbor" requirements of applicable law.  I am providing a courtesy copy to the Chapter 13 Trustee.  Request is made for withdrawal of both the Proof of Claim and appeal of Judge Kaplan's order granting summary judgment.  If your clients want to resolve the remaining claims in Adversary Complaint, any settlement offer is to be submitted to my Special Counsel, Charles A. Gruen, Esq., which acceptance must be signed by me and shall not deemed to be accepted by lapse of time without affirmative acceptance.

Very truly yours,

*[signature]*

Gordon A. Washington

Enclosures
Cc:   Charles A. Gruen, Esq.
      Rosa Amica-Terra, Esq.
      Walter Nealy, Esq.
      Marie-Ann Greenberg, Esq.

Gordon A. Washington
11 Walnut Street
Madison, New Jersey 07940
Telephone: (973) 520-8442
Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 14-14573 |
| GORDON A. WASHINGTON | CHAPTER 13 |
| *Plaintiff-Debtor* | ADVERSARY NO.: 14- 01319 |
| - vs. — | |
| SPECIALIZED LOAN SERVICING, LLC and THE BANK of NEW YORK MELLON, as TRUSTEE for the CERTIFICATE-HOLDERS of the CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-5 | ***NOTICE OF MOTION FOR SANCTIONS*** |
| *Defendants-Creditors* | |

*TO*:   Attorneys/Agents/Creditors/Servicers
on attached Service List

Sirs:

   ***PLEASE TAKE NOTICE THAT*** the Debtor, Gordon A. Washington, hereby moves

before the Honorable Michael B. Kaplan, U.S.B.J., or whichever Judge of the District of New

Jersey of the United States Bankruptcy Court shall be hearing the motion, at the Bankruptcy

Courthouse located at 402 East State Street, Courtroom 8, Trenton, New Jersey 08608 for the

entry of an order, substantially in the form attached hereto as Exhibit 1, pursuant to section 105

of title 11 of the United States Code, 11 *U.S.C.* §§ 101, *et seq.* (the "Bankruptcy Code") and

Federal Rule of Bankruptcy Procedure 9011(c); 11 *U.S.C.* § 105 and 28 *U.S.C.* § 1927 to impose sanctions on counsel for The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back Series 2007-5 (hereinafter referred to as "BoNYM") and Specialized Loan Servicing, LLC (hereinafter referred to as "SLS"), its servicer.  Collectively The BoNYM and SLS will be referred to hereafter as "Defendants-Creditors."

    *PLEASE TAKE FURTHER NOTICE* that the moving party shall rely upon the annexed certification(s), exhibits and brief.

By:_____

Gordon A. Washington

11 Walnut Street

Madison, New Jersey 07940

Telephone: (973) 520-8442

Debtor

Dated: _____, 2015

2

MOTION FOR RULE 9011 SANCTIONS SERVICE LIST

Roberto Rivera-Soto, Esq.
Ballard Spahr, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Attorneys for The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back
Series 2007-5

Daniel JT McKenna, Esq.
Ballard Spahr, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Attorneys for The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back
Series 2007-5

David Vincent Mignardi, Esq.
Eckert, Seamans, Cherin & Mellot, LLC
10 Bank Street – Suite 700
White Plains, NY 10606
The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back Series 2007-5

Knuckles, Komosinski & Elliott, LLP
565 Taxter Road – Suite 590
Elmford, NY 10523
Specialized Loan Servicing LLC and The Bank of New York Mellon as the Trustee for the
CWABS, Inc. Asset Back Series 2007-5

Jon T. Pearson, Esq.
Ballard Spahr, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Specialized Loan Servicing LLC and The Bank of New York Mellon as the Trustee for the
CWABS, Inc. Asset Back Series 2007-5

Melissa Licker, Esq.
Buckley Madole PC
P.O. Box 9013
Addison, Texas 75001
Authorized Agent for Specialized Loan Servicing LLC

Marie-Ann Greenberg, Esq.
Chapter 13 Standing Trustee
30 Two Bridges Road – Suite 300
Fairfield, NJ 07004
(Courtesy Copy)

3

Specialized Loan Servicing, LLC
8742 Lucent Boulevard – Suite 300
Highlands Ranch, Colorado 80129
Servicer for The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back
Series 2007-5

Gordon A. Washington
11 Walnut Street
Madison, New Jersey 07940
Telephone: (973) 520-8442
Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: ) | Case No.: 14-14573 |
| ) | |
| GORDON A. WASHINGTON ) | CHAPTER 13 |
| ) | |
| *Debtor* ) | |
| ) | |
| GORDON A. WASHINGTON ) | ADVERSARY NO.: 14- 01319 |
| ) | |
| *Plaintiff-Debtor* ) | |
| ) | |
| - vs. — ) | |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC ) | |
| and THE BANK of NEW YORK MELLON, ) | |
| as TRUSTEE for the CERTIFICATE-HOLDERS ) | |
| of the CWABS, INC., ASSET-BACKED ) | |
| CERTIFICATES, SERIES 2007-5 ) | |
| ) | |
| *Defendants-Creditors* ) | |

*DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO IMPOSE SANCTIONS ON
COUNSEL FOR SPECIALIZED LOAN SERVICING, LLC and THE BANK OF NEW
YORK MELLON, as TRUSTEE for the CERTIFICATE-HOLDERS of the CWABS, INC.,
ASSET-BACKED CERTIFICATES, SERIES 2007-5*

    I, Gordon A. Washington, being of full age, do hereby submit the following declaration

in support of my Motion to Impose Sanctions:

### JURISDICTION AND VENUE

    1.    I am the Debtor ("Homeowner") in this matter and submit this declaration in

support of my motion to impose sanctions in accordance with the proposed form of order

attached as Exhibit 1.  This Court has jurisdiction to consider this Motion under 28 *U.S.C.* §§ 1334(a) and 157(a), and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This is a core proceeding under 28 *U.S.C.* § 157(b)(2)(G) and (O).  Venue of this case and this Motion in is proper under 28 *U.S.C.* §§ 1408 and 1409.

## BACKGROUND

2.      On March 12, 2014 the Homeowner filed a Petition for protection under the Bankruptcy Code and on March 18, 2014 an Adversary Complaint against the Defendants-Creditors.  See Docket No. 1.  The Adversary Complaint sought judgment declaring that the promissory note (Note) and mortgage (Mortgage) that the Homeowner signed on February 27, 2007 with America's Wholesale Lender, a New York Corporation (AWL), are unenforceable under applicable law in New Jersey.  The Adversary Complaint further seeks monetary damages due to the failure of Defendants-Creditors to comply with the Truth in Lending Act and the Real Estate Settlement Procedures Act.

3.      On May 19, 2014 the Honorable Michael B. Kaplan, U.S.B.J. entered a Joint Pretrial Scheduling Order that established discovery, motion and trial dates.  See Docket No. 5.  An Amended Case Management Orders was entered on September 30, 2014.  See Docket No. 23.

4.      In accordance with the Joint Pretrial Scheduling Order, Interrogatories and Request to Produce were served on Defendants-Creditors (Exhibits 2 and 3 respectively).  Request to Produce, requests 7, 8, 9, 10, 11 and 16, specifically requested that the Defendants-Creditors produce the following:

> "  7.  Any and all certificates of incorporation for America's Wholesale Lender,
>      a corporation existing under the laws of New York.

8. Any and all documents regarding business filings made by America's Wholesale Lender, a corporation existing under the laws of New York, in accordance with the New York Business Corporation Law authorizing America's Wholesale Lender to do business in New York during the period 2007 to present.

9. Any and all documents regarding business filings made by America's Wholesale Lender, a corporation existing under the laws of New York, authorizing America's Wholesale Lender to do business in New Jersey during the period 2007 to present.

10. Any and all documents regarding the registration of the Mortgage with MERSCORP, Inc. and/or its subsidiary Mortgage Electronic Registration System, Inc., by America's Wholesale Lender, a corporation existing under the laws of New York, including but not limited to corporate resolutions, directives, correspondence and authorizations, Agreement For Signing Authority, Signing Authority Agreement.

11. Any and all documents regarding the assignment of the Mortgage by Mortgage Electronic Registration System, Inc., as Nominee for America's Wholesale Lender, a corporation existing under the laws of New York, to The Bank of New York Mellon as Trustee for the Certificate-holders, CWABS, Inc. Asset-Backed Certificates Series 2007-5, including but not limited to corporate resolutions, directives, correspondence and authorizations.

16. Copies of any and all documents which create or demonstrate the existence of a nominee or agency and/or servicer relationship by, between, or otherwise relating to America's Wholesale Lender and Mortgage Electronic Registration System, Inc."

5.      On June 2, 2014 the Homeowner moved for summary judgment for a declaration that the Note was unenforceable. See Docket No. 7.

6.      On July 9, 2014, Defendants-Creditors, through their attorneys, Knuckles, Komosinski & Elliott, refused to produce relevant documentation concerning (a) the Certificate of Incorporation for AWL; (b) business filings made by AWL authorizing it to do business in New Jersey; (c) agreements/registration/resolutions by AWL granting Mortgage Electronic Registration System, Inc. (MERS) signing authority with respect to the Mortgage; (d) the

3

existence of an agency/nominee relationship between AWL and MERS. See Exhibit 3 responses to Requests 7, 8, 9, 10, 11 and 16.

7.    On July 17, 2014 Melissa Licker, Esq. of Buckley Madole PC, acting as agent for SLS, filed a Proof of Claim asserting that Defendants-Creditors have a secured claim on the Homeowner's Property, which is the primary asset of the Debtor's estate (Claim No. 7). In support of the Proof of Claim, the attorney/agent for SLS attached a purported Corrective Assignment dated December 31, 2013, recorded January 8, 2014, from "MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. ("MERS") AS NOMINEE FOR AMERICA'S WHOLESALE LENDER" to Bank of New York Mellon c/o SLS.

8.    In response to the Homeowner's motion for summary judgment with respect to the Note, Defendants-Creditors admitted the Note was unenforceable but cross-moved for summary judgment on the Mortgage, asserting that Defendants-Creditors had a secured interest in the Homeowner's Property based on the purported Corrective Assignment attached to the Proof of Claim. The Homeowner filed a reply to Defendants-Creditors' cross-motion averring that the Statute of Limitations set forth in the New Jersey Fair Foreclosure Act *N.J.S.A.* § 2A:50-56.1(a) (FFA).

9.    On November 5, 2014 the Honorable Michael B. Kaplan granted Summary Judgment in favor of the Homeowner, ruling that the Statute of Limitations on both the Note and Mortgage allegedly held by Defendants-Creditors had lapsed. The Honorable Michael B. Kaplan, U.S.B.J. codified the ruling by Order dated November 17, 2014 (Document No. 30) and Amended Order dated November 20, 2014 (Document No. 35). Defendants-Creditors then retained the law firm of Ballard Spahr, LLP, and sought emergency relief to stay the Order Discharging the Mortgage to AWL that was purportedly assigned to Defendant-Creditor Bank of

4

New York Mellon.  The Judgement entered by Bankruptcy Court is currently on appeal.  On March 12, 2015 the Court conducted a Case Management Conference and an Interim Plan was confirmed by Order entered.  A Case Management Conference is currently scheduled for July 23, 2015.

10.      The Homeowner recently discovered a Florida state court decision dated October 16, 2014, after a trial held on September 14, 2014, in a matter entitled *Bank of America v. Nash*, Case No. 59-2011-CA-004389.  A copy of the decision in the *Bank of America v. Nash* case is attached as Exhibit A to the Homeowner's Motion to Expunge Claim filed on June 15, 2015, currently scheduled to be heard on July 28, 2015.

11.      The Plaintiff in the *Nash* case was Bank of America (BANA), successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP.  The *Bank of America v Nash* case (1) resolved the identical factual issue as presented in the Homeowner's pending Motion to Expunge Proof of Claim; (2) was a final judgment on the merits; (3) was against a Bank of America, N.A. (BANA), a party in privity with Defendant-Creditors; and (4) provided BANA with a full and fair opportunity to litigate whether, AWL ever existed, or was a division or subsidiary of BANA or its Countrywide predecessors by merger.

12.      The factual findings made after hearing trial testimony in the *Bank of America v Nash* case leads to the conclusion that Defendants-Creditors are collaterally estopped from contesting the fact that AWL is/was a fake or fictitious corporation and have no interest in the alleged Mortgage to AWL based on controlling New Jersey statutory law.  BANA is in privity with Defendants-Creditors and submitted certifications in support of their Cross-Motion for Summary Judgment.  In relevant part the Trial Court in *Nash* made the following factual findings:

5

a)      America's Wholesale Lender, a New York Corporation, the "Lender", specifically named in the mortgage, did not file this action, did not appear at Trial, and did not assign any of the interest in the mortgage.

b)      The Note and Mortgage are void because the alleged Lender, America's Wholesale Lender, stated to be a New York Corporation, was not in fact incorporated in the year 2005 or subsequently, at any time, by either Countrywide Home Loans, or Bank of America, or any of their related corporate entities or agents.

*      *      *

f)      The alleged Assignment of Mortgage which purported to transfer interest in this mortgage to BAC Home Loans Servicing, LP … as assignee, was invalid because Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for America's Wholesale Lender had no authority to assign the ownership interest of said mortgage, because MERS was not the owner of the subject mortgage and was only a nominee for America's Wholesale Lender, an alleged New York Corporation which was a non-existent Corporation.  Said purported assignment was without authority, and therefore invalid.

13.     The records of the New Jersey Secretary of State demonstrate that America's Wholesale Lender, a New York Corporation, is not registered as a foreign corporation authorized to do business in New Jersey.  (See Exhibit B to the Homeowner's Motion to Expunge Claim).

14.     The records of the New Jersey Department of Banking & Insurance demonstrate that America's Wholesale Lender, a New York Corporation, is not listed as a New Jersey Financial Institution.  Furthermore, the records of the New Jersey Department of Banking & Insurance, Nationwide Mortgage Licensing System (NMLS), demonstrate that there are no pending applications by America's Wholesale Lender, a New York Corporation (See Exhibit C to Homeowner's Motion to Expunge Claim).

15.     The records of the Mortgage Electronic Registration Systems, Inc. site demonstrate that America's Wholesale Lender, a New York Corporation, is not listed as a member of the MERS® system (See Exhibit D to Homeowner's Motion to Expunge Claim).

16.     The Homeowner respectfully submits that it is a fundamental precept of jurisprudence that a fraudulent or forged recorded instrument is invalid.   Barron's Law

6

Dictionary defines forgery as "fraudulent making or altering of a writing with the intent to prejudice the rights of another; making of a false instrument or passing of an instrument known to be false; the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability (internal citations omitted)." The New Jersey Recording Statute, *N.J.S.A.* § 46:2-2, expressly states that fraudulent or forged instruments are invalid, and provides:

> Nothing in this title contained shall be construed to make good, valid or effectual any fraud or forgery, made or used in or about any...writings or records...or other conveyances of estates of inheritance, grounded thereupon.

17.   A person commits forgery in New Jersey by making, completing, executing or authenticating any writing that is the act of a fictitious person or corporation. *N.J.S.A.* § 2C:21-1; also see N.J.S.A. § 2C:21-3 (Frauds Relating to Public Records and Recordable Instruments). A "person" includes "any natural person and, where relevant, a corporation." *N.J.S.A.* § 2C:1-14g (Definitions). *N.J.S.A.* § 2C:21-1a.(2) and (3) provides in relevant part:

> a.  Forgery.  A person is guilty of forgery if ... with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> \*          \*          \*
>
> (2)  Makes, completes, executes, authenticates, issues or transfers any writing … of a fictitious person…
> (3)  Utters any writing which he knows to be forged in a manner specified in paragraph (1) or (2)

### CONDUCT SUBJECT TO SANCTIONS

18.   Counsel for Defendants-Creditors failed to make reasonable inquiry as to whether AWL (a) was a *bona-fide* corporation at relevant times including,  but not necessarily limited to, the date of the initial Mortgage and any purported assignment, and (b) had the legal capacity to enter into the mortgage transaction with the Homeowner and/or convey any interest in the Mortgage.

7

19.     Counsel for Defendants-Creditors failed to make reasonable inquiry as to whether AWL (a) was a member of MERS; (b) had the legal capacity to grant signing authority to MERS; or (c) actually employed the persons that executed the assignments purporting to assign the Mortgage to Defendant-Creditor Bank of New York Mellon.

20.     Counsel for Defendants-Creditors failed to make reasonable inquiry as to whether AWL was authorized to do business in the state of New Jersey.

21.     Counsel for Defendants-Creditors failed to make reasonable inquiry as to whether AWL was ever authorized to act as a lender in the state of New Jersey.

22.     Counsel for Defendants-Creditors failed to make reasonable inquiry as to whether the recorded Assignment and Corrective Assignment by a fake or fictitious corporation is a forgery pursuant to *N.J.S.A.* § 2C:21-1 and, therefore, is invalid pursuant to *N.J.S.A.* § 46:2-1. Counsels' failure to make reasonable inquiry is highlighted by several factors: (a) the Homeowner's specific requests for discovery; (b) the evident fraudulent "robo-signing" of the assignment attached to the 2007 Foreclosure Complaint and the different assignment recorded with the Morris County Clerk; and (c) the Administrative Orders/Notices to the Bar entered by the New Jersey Supreme Court.

23.     Counsel for Defendants-Creditors presented to the Bankruptcy Court, or later advocated, pleadings, written motions, and other papers that counsel reasonably knew, or should have known, were not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

24.     Counsel for Defendants-Creditors presented to the Bankruptcy Court, or later advocated, pleadings, written motions, and other papers that counsel reasonably knew, or should have known, there was no evidentiary support.

8

25.     Counsel for Defendants-Creditors presented to the Bankruptcy Court, or later advocated, pleadings, written motions, and other papers for the improper purpose to harass or to cause unnecessary delay or needless increase in the cost of litigation, and implementation of the Homeowner's plan of reorganization.  The improper purpose to harass or to cause unnecessary delay or needlessly increase the cost of litigation is evident by the refusal of counsel for Defendants-Creditors to respond to attempts by Homeowner to resolve the Adversary Complaint, both before and after entry of summary judgment.

26.     After having received the within Motion and expiration of the 21-day "safe harbor" time period, Counsel for Defendants-Creditors have failed to: (a) withdraw the Proof of Claim; (b) dismiss the appeal taken from the Bankruptcy Court's Order Discharging Mortgage; or (c) enter into good faith negotiations with the Homeowner to resolve the remaining TILA claims set forth in the Adversary Complaint.

## BASIS FOR RELIEF

27.     Sanctions are mandated by rule if counsel submits pleadings or papers, or advocates a position in a matter that is patently without factual or legal support.  Federal Rule of Bankruptcy Procedure 9011(b) provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

28.     Moreover, Rule 9011(c) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that [Rule 9011(b)] has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that . . . are responsible for the violation." *F.R.B.P.* 9011(c).

29.     A Bankruptcy Court has the inherent power to impose sanctions for misconduct, see *Ettinger & Assoc. v. Miller (In re Miller)*, 730 F.3d 198, 203-04 (3d Cir. Pa 2013).  A Bankruptcy Court may also impose sanctions under 11 *U.S.C.* § 105 and 28 *U.S.C.* § 1927.

## RELIEF REQUESTED

30.     By this Motion, the Debtor requests that this Court impose sanctions on counsel and/or Defendants-Creditors for the individual and/or concerted conduct, for (a) the legal fees incurred by the Debtor to date for the Adversary Complaint and appeal; (b) the legal fees incurred in connection with the Motion to Expunge Proof of Claim; (c) the legal fees incurred in preparing the within Motion for Sanctions; and, (d) an amount sufficient to deter such future conduct pursuant to Bankruptcy Rule 9011(c)(2).

## RESERVATION OF RIGHTS

31.     The Debtors expressly reserve their right to amend, modify, and/or supplement the relief requested in this Motion in all respects, including, but not limited to, the right to withdraw this Motion, in whole or in part, prior to or at the applicable hearing.

10

## NOTICE

32.     A copy of this Motion shall be provided to counsel to Defendants-Creditors by mail a minimum of twenty-four (24) days before filing the motion.  See *Ettinger v. Miller*, 730 *F.3d* 198 (3d Cir. Pa 2013).

## NO PRIOR REQUEST

33.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

*WHEREFORE*, the Debtor, Gordon A. Washington,  respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, (i) imposing sanctions on all attorneys employed by Knuckles, Komosinski & Elliott, Buckley Madole PC and Ballard Spahr, LLP that signed, filed, or advocated any pleading, motion or other paper in violation of Bankruptcy Rule 9011, or other applicable law,  as requested herein, plus reasonable attorneys' fees of the Debtor for the within application; (ii) imposing sanctions in an amount sufficient to deter such conduct or comparable conduct by others similarly situated, and (iii) granting such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,


_____
Gordon A. Washington


Dated: _____, 2015

11

EXHIBIT   1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Gordon A. Washington
11 Walnut Street
Madison, New Jersey 07940
Telephone: (973) 520-8442
Debtor

In Re:

GORDON A. WASHINGTON

      Debtor

Case No:  14-14573

GORDON A. WASHINGTON

      Plaintiff

v.

SPECIALIZED LOAN SERVICING, LLC and
THE BANK OF NEW YORK MELLON as
Trustee for the Certificate-Holders of the CWABS,
Inc. Asset-Backed Certificates, Series 2007-5

Adv. Proc. No. 14-01319 (MBK)

## ORDER FOR SANCTIONS

The relief set forth on the following page(s), numbered two (2) through three (3) is
hereby ORDERED.

Upon consideration of the motion (the "Motion") of the above-captioned Debtor for the entry of an order pursuant to section 105 of title 11 of the United States Code, 11 *U.S.C.* §§ 101, *et seq.* (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9011(c), 11 *U.S.C.* § 105 and 28 *U.S.C.* § 1927 to impose sanctions on counsel for The Bank of New York Mellon as the Trustee for the CWABS, Inc. Asset Back Series 2007-5 and Specialized Loan Servicing, LLC, its servicer; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 *U.S.C.* § 157(b)(2)(G) and (O); and, due and proper notice of the Motion having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and, after due deliberation and sufficient cause appearing;

### NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is GRANTED as set forth herein.

2.      All attorneys employed by the law firms of Knuckles, Komosinski & Elliott, LLP; Buckley Madole PC; and Ballard Spahr, LLP that signed, filed, or advocated any pleading, motion or other paper in connection with the Proof of Claim, the Objection to the Debtor's Plan of Reorganization, the Adversary Complaint, Stay Proceedings and Appeal from the November 5, 2014 decision of the Bankruptcy Court shall be individually, jointly and severally liable for legal fees incurred by the Debtor for the Adversary Complaint, Motion to Expunge Proof of Claim and Appeal.  Counsel for the Debtor will submit an affidavit to the Court setting forth the amount of legal services and the names of all counsel.

3.      A sanction in the amount of $_____ shall be imposed individually, jointly and severally on the law firms of Knuckles, Komosinski & Elliott, LLP; Buckley Madole PC; and Ballard Spahr, LLP for violation of *F.R.B.P.* 9011(c) and 28 *U.S.C.* § 1927.

4.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

6.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

### End of Order ###

EXHIBIT   2

Copy of Interrogatories/Answers to Interrogatories dated July 7, 2014 submitted by David Mignardi, Esq., Knuckles, Komosinski & Elliott, LLP to be attached.

EXHIBIT   3

Copy of Request to Produce/Response to Request to Produce dated July 7, 2014 submitted by David Mignardi, Esq., Knuckles, Komosinski & Elliott, LLP to be attached.