CHARLES A. GRUEN
MEMBER OF NJ, NY, CT AND D.C. BARS
R.1:40 Qualified Mediator

MATTHEW E. McGOEY
MEMBER OF NJ AND NY BARS

ROSA AMICA-TERRA

MICHAEL KORIK
MEMBER OF NJ AND NY BARS

LAW OFFICES
**CHARLES A. GRUEN**
381 Broadway
SUITE 300
WESTWOOD, N.J. 07675

TELEPHONE (201) 342-1212
TELECOPIER (201) 342-6474
E-MAIL: cgruen@gruenlaw.com

ROBERT D. GRUEN
(1926-2010)

EDYTHE LAZAROW
(1948-2002)

NEW YORK OFFICE

44 COURT STREET
SUITE 1212
BROOKLYN, N.Y. 11201

PLEASE ADDRESS ALL
CORRESPONDENCE TO
NEW JERSEY OFFICE

July 22, 2015

Hon. Susan D. Wigenton, U.S.D.J.
United States District Court
50 Walnut Street – Room 5060
Newark, New Jersey 07102

Re:  In re Gordon A. Washington
     Specialized Loan Servicing, LLC, et al, Appellants v.
     Gordon A. Washington, Appellee
     No. 2:14-cv-8063-SWD

Kindly accept the within in response to the correspondence and enclosures dated July 16 and July 17, 2015 submitted on behalf of the Appellants. The unpublished, non-precedential, cases presented to Your Honor are not persuasive because those cases either involved different facts and legal issues, and/or were not as thoroughly reasoned as the decision by Judge Kaplan.

*HSBC v. Padilla*, F-16204-14, involved a motion to vacate a default and turned on whether HSBC had decelerated the Note and Mortgage, thereby restarting the Statute of Limitations. The court in *Padilla* stated:

> So there is authority that at least suggests, that a six year could apply. I just don't think it's the right authority…. And on the issue of acceleration I asked a question in oral argument that I do think is appropriate. And even if I'm wrong on the six – on the 20 versus the six year, I think addressed the six year.
>
> [D]efendant states plaintiff took no action to decelerate the note. I don't find that…. I think the action on the part of plaintiff placed the defaulted payments in a forbearance for the time period that it was permitted, decelerated the mortgage… Based on the acceleration date [in] the 2014 complaint, even using a six years and anytime in August or April is years current. (sic) (Doc. 26-1, pgs. 26, 27).

Law Offices
# Charles A. Gruen

The court in *Deutsche Bank Nat'l Trust v Lipowski*, F-5131-15, while ignoring the controlling Appellate Division decision in *Bank v. Kim*, 361 N.J. Super. 331,344 (App. Div. 2003) (Acceleration advances maturity date), cited by Judge Kaplan in his opinion, went on to state:

> Well, the big issue in the Washington case was that the lender, in that case, agreed that the acceleration date was the beginning of the Statute of Limitations... [T]he lender in that case admitted or conceded that he (sic) believed that was the maturity date. (Doc. 26-2, pgs. 4,8)

Since the Appellants agreed that that the acceleration date was the maturity date of the Note and Mortgage, it is reasonable to conclude that the court in *Lipowski* would have decided differently if presented with the unique facts of this case presented to Judge Kaplan. *Cf. Kimball Intern. v. Northfield Metal*, 334 N.J. Super. 596, 606 (App. Div. 2000)(Judicial Estoppel Doctrine arises when a party asserts a position in the same or prior proceeding. The purpose of this doctrine is to protect the integrity of the judicial system).

Submission of the *DiFalco v. Hodgson* case, F-003816-12, with the July 17th letter, is oblique and does not address the issue on appeal. *DiFalco* involved a mortgage that by its terms became due on September 30, 1999, before enactment of the Statute of Limitations set forth in the Fair Foreclosure Act (FFA) in 2009. (Doc. 27-1, pg. 7). There is no issue of acceleration/deceleration of the maturity date of the Note and Mortgage. The Court in *DiFalco* ruled that it would not apply the FFA Statute of Limitations retroactively[1] because the six-year time limit expired in 2005 before enactment of N.J.S.A. 2A:50-56.1(a) and stated:

> [T]he mortgage was due and payable on September 30, 1999. If...the Court were to apply the statute's -- six year statute of limitations having to do with the maturity, the six year statute, then the case would be barred before the statute was effected (sic). (Doc. 27-1, pg. 8).

Judge Kaplan thoroughly analyzed the particular statutory language in question along with the Legislative History. The Legislative History of the FFA Statute of Limitations expressly states that the intent to codify, "in part," the ruling in *Security National Partners Limited Partnership v. Mahler*, 336 N.J. Super. 101 (App. Div. 2000). If the Legislature merely intended to codify the *Mahler* decision in its entirety, subsection (a) would be unnecessary. Instead, the Legislature expressly stated that it intended to apply legal concepts "borrowed from actions in contract law or adverse possession, as applicable."

---

[1] Judge Kaplan addressed the retroactive/prospective application of the FFA Statute of Limitation in the Court's decision. However, Appellants did not raise any issue on appeal as to retroactive application of the FFA Statute of Limitations. Accordingly, objection is made to the extent any argument is made in this regard.

LAW OFFICES
# CHARLES A. GRUEN

A default does not automatically accelerate the maturity date of the Mortgage unless the lender takes action. If the lender does not opt to accelerate and thereby advance the maturity date of the loan, a lender may still be permitted to foreclose within twenty (20) years from the date of default. This is in accord with the jurisprudence underlying adverse possession, which is based on inaction. See *Mannillo v. Gorski*, 54 *N.J.* 378 (1969)(Title by adverse possession under *N.J.S.A.* 2A:14-1 is based on failure of party entitled to possession to act).

Judge Kaplan applied relevant contract law based on the unique facts of the case *sub judice*. Appellant elected its contractual remedy to advance the maturity date of both the Note and Mortgage. Moreover, Appellants conceded that the maturity date of the Note and Mortgage was never decelerated.

Appellants acknowledged that the maturity date of the Note and Mortgage in this case is June 1, 2007. Assuming, *arguendo,* that the court in *Padilla* is correct that a lender can unilaterally decelerate a maturity date, Appellants neglected to either (a) decelerate the loan or (b) file a viable action within six years after the June 1, 2007 maturity date it contractually elected to establish.

It is respectfully submitted that Judge Kaplan correctly applied the earlier "maturity date" set forth in subsection (a) of the FFA Statute of Limitation pursuant to statute. Judge Kaplan's well-reasoned decision was correctly decided and, respectfully, should be affirmed.

Respectfully submitted

Rosa Amica-Terra

Cc:   All Counsel via CM/ECF
      Gordon A. Washington