<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECIALIZED LOAN SERVICING, LLC, and THE BANK OF NEW YORK MELLON, as Trustee for the Certificate-holders of the CWABS, Inc., Asset-backed Certificates, Series 2007-5,<br><br>Appellants,<br><br>v.<br><br>GORDON ALLEN WASHINGTON,<br><br>Appellee. | Civil Action No. 2:14-cv-8063-SDW<br><br>**OPINION**<br><br>August 11, 2015 |

**WIGENTON**, District Judge.

This matter comes before this Court on appeal by Specialized Loan Servicing, LLC, ("SLS") and the Bank of New York Mellon (collectively, "Appellants" or "Creditors" or "Defendants") from a Summary Judgment Motion decided in favor of Gordon A. Washington ("Appellee" or "Debtor") before the Bankruptcy Court.

This Court has jurisdiction over the appeal of the Bankruptcy Court decision under 28 U.S.C. § 158(a).[1] On June 23, 2015, this Court heard oral argument in this matter.

For the reasons herein, the decision of the Bankruptcy Court is **REVERSED**.

---

[1] Pursuant to 28 U.S.C. § 158(c)(2), "[a]n appeal under subsection (a) . . . shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]"  28 U.S.C. § 158 (2010).

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

*State Foreclosure Action*

On February 27, 2007, Appellee purchased a three-family home at 11 Walnut Street, Madison, New Jersey (the "Property"). (Appellants' Br. 4.) On that date, Debtor paid a $130,000 deposit and obtained a loan for $520,000 with a thirty-year adjustable rate mortgage note (the "Note"). (*Id.*) The Note lists March 1, 2037 as the maturity date. (*Id.*) In the event of default, the Note provides that the Note-holder may demand full payment of the outstanding principal and interest. (*Id.*)

On April 1, 2007, Debtor timely paid his first scheduled loan payment. (*Id.*) Debtor failed to make the payment on July 1, 2007,[2] and did not make any payments thereafter.[3] (*Id.* at 4-5.) Appellee contends that the "Defendant-Creditor Bank accepted a transfer of the Mortgage after the July 1, 2007 default by Assignment, dated November 12, 2007, that expressly stated 'that there is **now due and owing** upon the Mortgage and the Bond, Note or other obligation secured thereby the sum of $519,132.54 Dollars principal with interest . . . from June 1, 2007.'" (Appellee's Br. 2-3 (emphasis in original) (internal citation omitted).)[4]

On December 14, 2007, Appellants filed a foreclosure complaint against Debtor in New Jersey (state court), indicating that the unpaid principal and interest were due. (*Id*. at 5.) On May 31, 2013, the Superior Court issued a notice of intent to dismiss the foreclosure action without prejudice for lack of prosecution unless a proper response or documentation was filed. Appellants

---

[2] "[Creditors] concur that the payment default occurred on July 1, 2007 (the interest default having occurred on June 1, 2007)." *Washington v. Specialized Loan Servicing, LLC (In re Washington)*, 2014 Bankr. LEXIS 4649, at *15 (Bankr. D.N.J. Nov. 5, 2014) (Judge Kaplan's opinion).
[3] Appellee alleges that "Defendant-Creditor Bank's servicer accelerated the maturity date of both the Promissory Note and the Mortgage to June 1, 2007." (Appellee's Br. 2.)
[4] Appellee alludes to the argument that the 2007 Assignment was "fraudulent/defective," but the Bankruptcy Court did not reach this issue and neither will this Court. (*See* Appellee's Br. 3, n. 3.)

did not comply with this order within 30 days, and on July 5, 2013, the state court dismissed the foreclosure complaint without prejudice.  (*Id.*)

Appellant did not appeal or contest the 2007 dismissal of the state foreclosure complaint. On August 21, 2013, Appellant filed a discharge of the *lis pendens*, stating "the matters and things in dispute have been amicably adjusted between the parties and, therefore, the said *Lis Pendens* should be discharged of record."  (Appellee's Br. 3.)  Bank of America, N.A. serviced the loan from origination until November 16, 2013, when SLS became the servicer of the loan. (Appellant's Br. 5.)

*Bankruptcy Proceedings*

On March 12, 2014, Debtor filed a voluntary Chapter 7 petition for bankruptcy and a motion to convert the filing into a Chapter 13 case.  *Washington v. Specialized Loan Servicing, LLC* (*In re Washington*), 2014 Bankr. LEXIS 4649, at *5 (Bankr. D.N.J. Nov. 5, 2014).  On March 18, 2014, Debtor filed suit against SLS (as Trustee) in Bankruptcy Court before Judge Kaplan, seeking declaration that the mortgage debt is unenforceable because (1) the Trust was allegedly not the true owner and holder of the Note and Mortgage; and (2) enforcement of the Note and Mortgage is "barred by the doctrine of payment and the statute of limitations."  (Appellants' Br. 7.)  Debtor also requested damages relating to an alleged failure to respond to Qualified Written Requests under the Real Estate Settlement Procedures Act ("RESPA").[5]  (*Id.*)

On April 9, 2014, the Bankruptcy Court granted the motion to convert the filing into a Chapter 13 case.  (*Id.*)  On May 9, 2014, Debtor filed an original Plan ("Plan"), and on August 5, 2014, Debtor filed the first modified Plan to sell his property in a short period of time.  (*Id.*)

---

[5] RESPA regulates settlement procedures to minimize difficulty for individuals to become homeowners. Real Estate Settlement Procedures Act, 88 Stat. § 1724 (1974).

3

On June 2, 2014, Debtor filed a motion for partial summary judgment, based on the argument that a six-year statute of limitations applicable to suits under N.J.S.A. § 12A:3-118(a) (the Uniform Commercial Code, for negotiable instruments) had expired. (Appellant's Stat. on Designation of Record, at 2.) As such, Appellants' claims were allegedly time-barred.

When filing the Plan initially, Debtor projected the value of the Property at $550,000-$600,000 and scheduled Appellants' debt at $519,000. On July 17, 2014, Appellants filed a secured proof of claim 7-1 under 11 U.S.C. § 501(a) for $920,469.86, based on their Note and Mortgage claims, as the $519,000 represented the principal due rather than the full amount. (Appellants' Br. *6.)[6] Appellee objected to the secured proof of claim under 11 U.S.C. § 502(a),[7] asserting that the six-year statute of limitations had run. *Washington*, 2014 Bankr. LEXIS 4649, at *22.

On July 29, 2014, SLS filed a cross motion for partial summary judgment arguing that pursuant to the twenty-year time limit under N.J.S.A § 2A:50-56.1(c) of the Fair Foreclosure Act ("FFA"), SLS may still foreclose on the Mortgage. (Appellant's Stat. on Designation of Record, at 2.) SLS asserted that it was still entitled to foreclose and to proceed against the Property under the twenty-year statute of limitations applicable to proceedings against the collateral.[8] *See Washington*, 2014 Bankr. LEXIS 4649. Subsequently, on August 26, 2014, Debtor filed a cross motion for summary judgment. Debtors argued that pursuant to N.J.S.A § 2A:50-56.1(a), the six-

---

[6] A claim in bankruptcy is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Washington*, 2014 Bankr. LEXIS 4649, at *36; 11 U.S.C. § 101(5)(A). Debt is "liability on a claim." 11 U.S.C. § 101(12).

[7] 11 U.S.C. § 502 states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

[8] SLS did not argue that the six-year statute would be inapplicable to negotiable instruments as with the statute of limitations for contracts. Rather, SLS argued that regardless, the twenty-year timeframe applied to the collateral Property. *See Washington*, 2014 Bankr. LEXIS 4649.

4

year statute of limitations applicable to actions regarding the Note applied, that Creditors had accelerated payment, and that again, the claims were time-barred. (*Id.*); (Appellant's Stat. on Designation of Record, at 2.)

On September 30, 2014, the Bankruptcy Court held a hearing regarding the motions for summary judgment.[9] As of the November 5, 2014, Appellants had not obtained a Final Judgment of Foreclosure. *See generally Washington*, 2014 Bankr. LEXIS 4649. On November 5, 2014, the Bankruptcy Court issued its memorandum decision, in which it held that SLS's proof of claim pursuant to 11 U.S.C. § 502(b)(1) to foreclose the Mortgage on the accelerated Note was time-barred under N.J.S.A. § 2A: 50-56.1(a). (*Id.*) The Bankruptcy Court determined that because the Creditors could not foreclose on the Debtor's loan, the Creditors' proof of claim in bankruptcy also was barred because the underlying lien is unenforceable. *Id.*

On December 29, 2014, Appellants filed an appeal to this Court, asserting that their action was not time-barred pursuant to N.J.S.A. § 2A: 50-56.1(a). (Dkt. Nos. 1, 9.) On January 28, 2015, Appellants submitted their brief, and in response, Appellee filed his brief on February 27, 2015. (Dkt. Nos. 9, 19.) On March 13, 2015, Appellants filed their reply. (Dkt. No. 20.) On June 23, 2015, oral argument was heard before this Court. On July 1, 2015, and on July 11, 2015, Appellants filed letters in support of their reply. (Dkt. No. 24.) On July 16, 2015 and July 17, 2015, Appellants filed additional letters of support with supplemental transcripts for state court cases. On July 22, 2015, Appellee filed a letter in response. (Dkt. No. 28.)

---

[9] Judge Kaplan noted that "Defendants contended at the September 30, 2014 hearing that a foreclosure complaint filed now should 'relate back' to the complaint filed on December 14, 2007 and dismissed without prejudice on July 5, 2013 . . . In the unsolicited letter of October 9, 2014, Debtor argued that a foreclosure action filed now would not 'relate back' to the original proceeding because the Defendants discharged the [*lis pendens*] and failed to appeal the July 5, 2013 dismissal, with the 45-day appeal period having expired." *Washington*, 2014 Bankr. LEXIS 4649, at *38.

**LEGAL STANDARD**

District Courts of the United States have jurisdiction to hear appeals of bankruptcy decisions. 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8013 provides that a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand the matter with instructions for further proceedings. *See* FED. R. BANKR. P. 8013. A bankruptcy court's legal conclusions or questions of law are subject to plenary review. *See In re Modular Structures, Inc.*, 27 F.3d 72, 76 (3d Cir. 1994). Under this standard, the bankruptcy court's findings of fact are reviewed for clear error, and its decisions of law are reviewed de novo. *In re Anes,* 195 F. 3d 177, 180 (3d Cir. 1999) (citing *Meridian Bank v. Alten,* 958 F.2d 1226, 1229 (3d Cir. 1992)).

**DISCUSSION**

*Statute of Limitations*

The parties agree that the payment default occurred on July 1, 2007. However, they dispute (1) whether it is appropriate to calculate the maturity date as "accelerated" for the purposes of applying the six-year statute of limitations under N.J.S.A. § 2A:50-56.1(a) of the FFA;[10] or (2) whether the twenty-year statute of limitations under subsection N.J.S.A. § 2A:50-56.1(c) should apply. Specifically, Debtor alleges that the action against him is time-barred under N.J.S.A. § 2A:50-56.1(a), which has a six-year statute of limitations for accelerated mortgages. (Appellants' Br. 7.) Instead, Appellants argue that a twenty-year statute of limitations pursuant to N.J.S.A. § 2A:50-56.1 (c) applies.

Section 2A:50-56.1 provides that,

---

[10] The "maturity date" is generally the fixed date on which the loan must be fully repaid. An "acceleration" of that maturity date refers to the lender's ability to "call" the loan if default occurs. *See generally Washington*, 2014 Bankr. LEXIS 4649. Here, what constitutes the acceleration of the mortgage and maturity date by a creditor has been a focus.

> An action to foreclose a residential mortgage shall not be commenced following the earliest of:
>
> a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note, bond, or other obligation secured by the mortgage, whether the date is itself set forth or may be calculated from information contained in the mortgage or note, bond, or other obligation, except that if the date fixed for the making of the last payment or the maturity date has been extended by a written instrument, the action to foreclose shall not be commenced after six years from the extended date under terms of the written instrument;
>
> b. Thirty-six years from the date of recording of the mortgage, or, if the mortgage is not recorded, 36 years from the date of execution, so long as the mortgage itself does not provide for a period of prepayment in excess of 30 years; or
>
> c. Twenty years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to foreclose shall not be commenced after 20 years from the date on which the default or payment on account thereof occurred under terms of the written instrument.

N.J.S.A. § 2A:50-56.1. Regarding the language of the statute, the Legislature determined that words and phrases "shall be read and construed with their context, and shall, unless inconsistent with the manifest intention of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1; *see also U.S. Bank. Nat'l Ass'n. v. Guillaume*, 209 N.J. 449, 471 (2012). Therefore, "[w]here the Legislature has clearly and explicitly defined a term within a statute, we must assume it did so intentionally and with the intent that its stated definition be applied to that term throughout the statute." *Commerce Bancorp, Inc. v. InterArch, Inc.,* 417 N.J. Super. 329, 337 (2010)(internal citation and quotation marks omitted).

7

Further, the FFA has been construed to address problems caused by the presence of residential mortgages on property records, which have been paid or which are otherwise unenforceable. N.J.S.A. § 2A:50-68; *see also Washington*, 2014 Bankr. LEXIS 4649, at *29 (Bankr. D.N.J. Nov. 5, 2014). These mortgages constitute clouds on title, which may render real property titles unmarketable and delay real estate transactions. *Washington*, 2014 Bankr. LEXIS 4649, at *29. The policy behind the statute is that all homeowners should be given every opportunity to pay their home mortgages and that mortgagees benefit when defaulting loans return to performing status. N.J.S.A. § 2A:50-54.

In the instant matter, Appellee relies on subsection (a) of N.J.S.A. § 2A:50-56.1. The language in section (a), "six years from the date fixed for making the last payment or maturity date set forth," was interpreted by Judge Kaplan to mean an "accelerated" mortgage or advanced maturity date.[11] *Washington*, 2014 Bankr. LEXIS 4649, at *23-24. However, the word "accelerated" does not appear in this subsection and is not defined. N.J.S.A. § 2A:50-68; s*ee generally Bank v. Kim,* 361 N.J. Super. 331, 344 (App. Div. 2003). Some courts have interpreted and viewed acceleration as advancing the date of maturity. Further, these courts have determined that a mortgagee loses his or her right to a prepayment premium when the mortgagor decides to accelerate a debt because acceleration "advances the maturity date of the debt so that payment thereafter is not prepayment but instead a payment made after maturity." *See, e.g.*, *Westmark Comm. Mtge. Fund IV v. Teenform Assocs., L.P.*, 362 N.J. Super. 336, 345-47 (App. Div. 2003) (internal citation and quotation mark omitted).

---

[11] The Bankruptcy Court determined that whether the maturity date for the loan had been accelerated to either June 1, 2007 or July 1, 2007 (the date of default) or December 14, 2007 (the date of the filing of the foreclosure complaint), the Creditors was out of time by 2014. *See Washington*, 2014 Bankr. LEXIS 4649, at *16.

The Third Circuit has not addressed this issue of "acceleration" directly, but several state courts have reviewed similar cases. Those state court cases and opinions are referenced herein as persuasive authority. For example, in Hudson County, the court in *Pennymac Corporation v. Crystal* interpreted N.J.S.A. § 2A 50:56.1(a) to read that foreclosure actions shall not be commenced six years after the date fixed for the making of the last payment or maturity date set forth in the mortgage or note. *Pennymac Corp. v Crystal,* No. F-31289-14 (N.J. Super. Ct. Ch. Div. May 8, 2015). In doing so, the *Pennymac* court declared that if it were to accept the defendant's argument that the maturity date was accelerated to the date of default, such an interpretation would ignore the plain meaning of the statute, rendering it superfluous and insignificant. *Id.*

In addition, in Morris County, the court in *Wells Fargo Bank v. Jackson* expressed that merely filing a complaint does not reasonably accelerate the mortgage and note. *Wells Fargo Bank v. Jackson,* No. F-29217-14 (N.J. Super. Ct. Ch. Div. May 6, 2015). The defendants were unable to pinpoint when acceleration occurred and simply pointed to language in the complaint indicating that "obligor(s) have/had failed to make the installment payment due on 01/01/2008, and all payments [became] due thereafter. Therefore, the loan has been in default since on or about 01/01/2008." *Id.* The *Wells Fargo* court found that the filing of the complaint with this language did not constitute acceleration. *Id.* Similar to the defendants' inability to demonstrate a point of acceleration in the *Wells Fargo* case, Appellee, in the present matter, also fails to sufficiently establish that the Mortgage was accelerated when the full sum due was claimed in the state foreclosure complaint.

In the November 5, 2014 opinion, the Bankruptcy Court compared N.J.S.A. § 2A:50-56.1 to N.J.S.A. § 2A:14-1 ("Limitations of Actions/Adverse Possession/Various Actions/Six Years"),

and to N.J.S.A. § 12A:3-118 ("Negotiable Instruments/General Provisions and Definitions/Statute of Limitations").[12] *Washington*, 2014 Bankr. LEXIS 4649, at *18. Without defining the term "accelerated," the Bankruptcy Court decided that the latter two statutes closely parallel N.J.S.A. § 2A:50-56.1 in that they enforce a six-year statute of limitations to commence action on a note. *Id*. Even though N.J.S.A. § 2A:50-56.1 acknowledges acceleration as a consequence of default, it fails to define maturity date or acceleration. Here, the date of maturity set forth for the Mortgage is March 1, 2037. (Appellants' Br. 4.) The maturity date was not accelerated to June 1, 2007 or July 1, 2007 (default dates) or December 14, 2007 (filing date of state court foreclosure complaint). Thus, the six-year statute of limitations is not appropriate given the facts of the instant matter.

In addition, the purpose of the FFA is to ease the process of clearing title, not to allow debtors to evade payment. *See generally* Assemb. Fin. Inst. and Ins. Comm. Statement, S. 214-250 (N.J. 2008); N.J.S.A. § 2A:50-56.1. If this Court were to accept Appellee's argument that the maturity date was accelerated to June 1, 2007 (at which point all payments would be due), there would be no functional purpose of section (c) of the N.J.S.A. § 2A: 50-56.1, which provides for a twenty-year statute of limitations for mortgage payment cases. Using Appellee's interpretation, the statute of limitations would run for only six years from the debtor's last actual payment, rather than "the date *fixed* for the making of the last payment or the maturity date *set forth* in the mortgage or the note . . ." *See* N.J.S.A. § 2A: 50-56.1(a) (emphasis added). Appellants argue, and this Court agrees, that subsection (c) with the twenty-year statute of limitations from the date of default applies in this matter. Relying on the twenty-year statute of limitations under N.J.S.A. § 2A:50-56.1(c), Appellants' claims are not time-barred. Thus, Appellants' underlying secured claim is enforceable.

---

[12] The Bankruptcy Court heard oral argument on this issue on September 30, 2014, but reserved decision and issued the November 5, 2014 written opinion.

As Judge Kaplan stated, "[n]o one gets a free house." *Washington*, 2014 Bankr. LEXIS 4649, at *1. Deeming the mortgage collection claim as time-barred would be inequitable. It would be contrary to public policy by depriving Appellants of any remedy for Appellee's default. As the analysis above outlines, such a conclusion would ignore the intended purpose of the statute. *See generally HSBC Bank USA v. Padilla Gonzalez*, No. ESX-F-16204-14 (Law Div. Apr. 10, 2015); *Deutsche Bank Nat'l Trust Co. v. Lipowski*, No. OCN-F-5131-15 (Ch. Div. June 12, 2015).

**CONCLUSION**

For the reasons set forth above, Appellants did not accelerate the maturity date of the underlying debt under N.J.S.A. § 2A:50-56.1(a), and thus Appellants' claims are not time-barred. More specifically, the twenty-year statute of limitations under N.J.S.A. § 2A:50-56.1(c) applies. Therefore, the decision of the Bankruptcy Court is **REVERSED.**

s/ Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Parties